IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA     :
                             :     CRIMINAL ACTION
            v.               :     NO. 1:12-CR-205-2-ODE-ECS
                             :
KIRK FLOYD                   :
```

**REPORT, RECOMMENDATION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The matter is before the Court on Defendant Floyd's motion to sever the trial of this case as to him from the trial of the other defendants. [Doc. 78]. He alleges that he will suffer undue and unfair, as well as compelling, prejudice if his trial is not severed from that of the co-defendants under Rule 14. He also alleges that severance will be required under Bruton.

As for severance based upon prejudicial joinder under Rule 14,[1] Defendant has not alleged sufficient facts or circumstances to show actual compelling prejudice, as required for severance under the rule. See United States v. Cassano, 132 F.3d 646, 651 (11th Cir.

---

[1] Rule 14 provides in part as follows:

(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

1998)(citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)). Indeed, he has alleged no specific facts in support of severance other than conclusions. Such minimal conclusory allegations are insufficient. See United States v. Smith, 918 F.2d 1551 (11th Cir. 1990)(Conclusory assertions insufficient to support a motion for severance); see also United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993); United States v. Wasson, 568 F.2d 1214, 1222 (5th Cir. 1978).

As for the alleged potential Bruton issue, the Court **DIRECTS** the government to advise the undersigned, at least forty-five (45) days prior to any trial date in this case, whether or not the trial of Defendant must be severed under Bruton, and, if not, to submit to the Court and Defendant's counsel a copy of any statement by any co-defendant sought to be introduced at trial that might incriminate Defendant, along with any redactions that the government submits would resolve any Bruton issue. The Court will then determine whether severance is required and will make a report and recommendation to the district judge.

Accordingly, the undersigned **RECOMMENDS** that the motion for severance, [Doc. 78], be **DENIED** insofar as it seeks relief under Rule 14 for prejudicial joinder. As for the allegations relating to Bruton, **IT IS ORDERED** that the motion shall be treated as set forth

2

above. The continued pendency of this motion shall not prevent this Defendant from being certified as ready for trial.[2]

It appearing that there are no further pretrial or discovery matters to bring before the undersigned as to this Defendant, it is therefore **ORDERED** that this **Defendant** be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED**, **RECOMMENDED**, **AND ORDERED**, this 27th day of August, 2013.

                                                    */s/ E. Clayton Scofield III*
                                                    E. Clayton Scofield III
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Because other co-Defendants in this matter have yet to be certified, it not necessary to set this matter down for trial until all Defendants are certified as READY.